By the Court:
Section 10 of the practice act, in force in 1823, required “ that in all cases of mesne process, where the plaintiff doth not reside, or is not a freeholder in the county, the writ shall be indorsed by somo *238 freeholder, resident in the county, as security for costs, before the sheriff shall serve the same.”
As the plaintiff was a non-resident, and had no freehold in the county, it was incumbent on him to procure an indorser, and until that was done, the sheriff ought not to have served the writ. But in this particular, we consider the statute as directory. The service, although unadvisedly made, was nevertheless valid, and if the defendant saw proper to waive his security, the proceedings on the writ, if in other respects regular, would be legal. The want of an indorsement for cost could not be considered as error. But the ' negligence of the officer did not deprive *the party of his legal right. It was competent for him to claim it after the service and return of the writ, by an application to the court for that purpose, either at the first, or at any subsequent term, before final judgment.
Without undertaking to decide, whether or not it would have been regular for the court to have quashed the writ at the return term, we have no hesitation in saying that it was erroneous to do so under the circumstances of this case. The defendants by appearing, submitting to a rule for plea, and a continuance of the cause, acquiesced in the irregularity of the service. They had put the plaintiff off his guard, and could not afterward avail themselves of the statute, unless on motion, and a rule for security, within such time as the court might think reasonable.
A different construction would be inconvenient, expensive, and vexatious. But in this case, the plaintiff voluntarily furnished an unexceptionable indorser, before the objection was taken, and probably before the defendants had ascertained whether security had been given or not. The object of the provision had been fully accomplished, and .the parties interested were in as good a situation as if the law had been literally complied with. The course taken was, therefore, unnecessary and not warranted by the statute.
Judgment reversed, and the cause remanded for further proceedings.